C. FREDERICK and PATRICIA B. FRICK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Frick v. Commissioner
Docket No. 8351-71.
United States Tax Court
T.C. Memo 1976-343; 1976 Tax Ct. Memo LEXIS 59; 35 T.C.M. (CCH) 1572; T.C.M. (RIA) 760343; November 11, 1976, Filed *59 (1) In 1967 and 1968, the years in issue, petitioner owned certain lots, acquired in 1959, some of which were sold in the years in issue. Held, although this Court previously held that this same petitioner could add the amount of certain special assessments to his basis used in connection with the sale of certain other lots, the doctrine of collateral estoppel does not apply to the position maintained by the Commissioner in this case. Held, further, in 1967 and 1968, petitioner may not deduct the principal portion of special sewer assessments; however, in connection with the sales of lots in those years, he may add to his bases the principal portion of special sewer assessments but may not include the interest on such assessments or the special assessments for weed control. Held, further, in computing the basis for the sale of one of the lots, petitioner may include a brokerage commission paid by him. (2) In 1967, the petitioner sold an interest in a partnership for $24,000. He received cash of $20,000 and a $4,000 note from the purchaser. He reported the face amount of the note on his 1967 Federal income tax return, the year he received the note. Held, under sec. 705(a)(2)(A), I.R.C. 1954, *60 the petitioner's basis in the partnership must be reduced by his proportionate share of its losses allowed in prior years. Held, further, the petitioner has failed to establish that the note was worth less than its face value in the year of receipt; it was thus properly reported in the year of receipt. C. Frederick Frick, pro se. Nelson E. Shafer, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioners' Federal income taxes: Addition to Tax Year
Deficiency
Under Sec. 6653(a) [1]
1967
$2,809.84
$140.49
1968
1,882.13
94.10
Some of the issues have been conceded by the Commissioner; those remaining for decision are: (1) Whether collateral estoppel bars the Commissioner from arguing that special assessments paid by the petitioner during the years 1959 through 1964 and 1967 and 1968 are not capitalizable to the extent they represent taxes or special assessments for maintenance of the properties; (2) whether the petitioner may deduct as taxes under section 164 the principal *61 portion of special sewer assessments he paid during the years in issue; (3) whether brokerage commissions were paid by the petitioner in connection with the sale in 1967 of two lots and may be added to the basis of such lots; (4) whether the petitioner's basis in certain partnership property must be reduced under section 705(a)(2)(A) by his proportionate share of partnership losses allowed in prior years; (5) whether a partinership in which the petitioner was a member sustained any loss in 1967; and (6) whether the petitioner must report the face value of a $4,000 note in 1967, the year he received it. FINDINGS OF FACT
Some of the facts have been stipulated, and those facts are so found. Other facts have been established by admissions in accordance with Rule 90, Tax Court Rules of Practice and Procedure, and by reference to an opinion of this Court in a prior trial involving the same parties ( C. Frederick Frick,T.C. Memo. 1972-71). Still other facts have been found on the basis of the evidence submitted at the trial of this case. The petitioners, C. Frederick Frick and Patricia B. Frick, husband and wife, resided in Wauwatosa, Wis., when they filed their petition herein. They *62 timely filed joint Federal income tax returns for 1967 and 1968 with the Internal Revenue Service Center, Kansas City, Mo. Mr. Frick will sometimes be referred to as the petitioner. During the years in issue, the petitioner owned several lots in a subdivision, located in Brookfield, Wis. (Brookfield lots). On his 1967 Federal income tax return, he claimed a deduction of $1,972.31 for taxes paid on such lots in that year; and on his 1968 return, he deducted $1,545.96 as taxes paid on such lots. Such deductions were based on payments of two types: general property taxes and special assessments.The special assessments were levied for two purposes: weed control and sewer improvements. The special sewer assessments were for sewer improvements which benefitted the properties on which they were levied, and no part of them was attributable to sewer maintenance or repair. However, the sewer assessments were apportioned between the principal and interest costs of such improvements. The following table sets forth the allocation of the payments in 1967 and 1968 with respect to the Brookfield lots: Special Assessments
Sewer
General Block
Lot
Taxes
Weeds
Principal
Interest
Total
Payments in 1967
2
2
$ 54.37
$10.00
$ 101.75
$ 42.74
$ 208.86
7
8
54.37
10.00
104.43
43.86
212.66
7
11
54.37
10.00
101.75
42.74
208.86
7
12
54. 37
10.00
122.06
51.27
237.70
9
1
10.87
10.00
126.82
53.26
200.95
9
2
54.37
10.00
101.75
42.74
208.86
9 5
54.37
10.00
95.72
28.20
188.29
11
1
54.37
10.00
136.80
65.66
266.83
11
4
54.37
10.00
123.19
51.74
239.30
Total
$445.83
$90.00
$1,014.27
$422.21
$1,972.31
Payments in 1968
2
2
$ 65.79
$12.00
$ 101.75
$ 36.63
$ 216.17
7
8
65.79
10.00
104.43
37.59
217.81
7
11
65.79
10.00
101.75
36.63
214.17
9
1
13.16
10.00
126 .81
45.65
195.62
9
2
65.79
10.00
101.75
36.63
214.17
9
5
65.79
10.00
95.72
46.46
217.97
11
1
65.79
10.00
136.80
57.46
270.05
Total
$407.90
$72.00
$ 769.01
$297.05
$1,545.96
*63 During the years in issue, the petitioner sold some of the undeveloped Brookfield lots. The following table sets forth the date of each sale, the year of acquisition, the gross sales price, the adjusted basis of the property, and the cost of sale, which the parties have agreed upon, without taking into account any of the issues herein: Date of
Year of
Gross Sales
Cost of Block
Lot
Sale
Acquisition
Price
Adjusted Basis
Sale
7
12
4-2-67
1959
$6,800.00
$1,637.50
$ 765.80
11
4
5-15-67
1959
7,950.00
2,337.50
797.30
7
11
3-8-68
1959
8,800.00
1,640.50
947.24
The Commissioner has conceded that the adjusted basis of such lots may also be increased by the principal portion of special sewer assessments which the petitioner paid during 1967 and 1968, if this Court should find that these amounts are not currently deductible. The amounts are as follows: Block
Lot
Amount
7
12
$122.06
11
4
123.19
7
11
203.50
During the years 1959 through 1964, the petitioner paid special weed control and sewer assessments on the Brookfield lots he sold during the years before us. The total amounts of such assessments attributable to each lot are as follows: Special Assessments Block
Lot
Weeds
Sewer
7
12
$49.32
$134.27
11
4
45.00
135.51
7
11
47.32
111.93 The record contains *64 no allocation of the sewer assessments between principal and interest. The Commissioner has not allowed the petitioner to add any part of such assessments to his basis in these lots. The petitioner used a real estate broker to sell two of the Brookfield lots. He had lent such broker $500, and the broker waived his commission on such sales in exchange for a release from his obligation to repay such loan. The Commissioner has denied the petitioner any basis adjustment by reason of the payment of a commission on such sales. In December 1968, the petitioner sold property known as Knolls Terrace & Burleigh for $16,900.00. He had acquired this property in April 1958 for $5,188.89. The Commissioner, in his brief, concedes that the petitioner is entitled to increase his basis in such property by $3,842.07, the principal portion of special assessments paid by the petitioner for such property during the period he owned it. However, the interest portion of such assessments amounted to $267.46, and the Commissioner contends that such amount may not be added to the petitioner's basis in the property. In 1967, the petitioner sold his partnership interest in rental property located at 3660 *65 North Teutonia Avenue (North Teutonia property) in Milwaukee, Wis. Under the terms of the sale agreement, he was to receive $24,000. He received $2,500 of the purchase price in 1966 and reported that amount on his 1966 Federal income tax return. In 1967, he received $17,500 in cash and a note for $4,000 from the purchaser. On the petitioner's 1967 Federal income tax return, he reported the sales price of the North Teutonia property as $17,445.34, and reported the receipt of a $4,000.00 note as a separate transaction. He never collected anything on the $4,000 note, and although in 1971, he secured a judgment against the purchaser for that amount, he has never collected anything on the judgment. At trial, he claimed that he should not have to report such note.
The petitioner had acquired his partnership interest in the North Teutonia property more than 6 months prior to its sale. In his notice of deficiency, the Commissioner determined that the petitioner's adjusted basis in the partnership property was $11,768.66. However, in C. Frederick Frick,T.C. Memo. 1972-71, this Court determined that the petitioner was entitled to his proportionate share of partnership losses incurred during *66 1965 and 1966, and in computing the amount of the decisions, those losses were determined to be $1,400.00 for 1965 and $696.44 for 1966. In an amended answer in the present case, the Commissioner sought to decrease the petitioner's basis for his partnership interest in the North Teutonia property by the amount of such losses. The Commissioner has conceded certain adjustments which he determined in the notice of deficiency, including the determination of the addition to tax under section 6653(a) (relating to negligence). OPINION Prior to the trial in this case, the Commissioner submitted a motion for partial summary judgment requesting us to hold that the petitioners are not entitled to deduct for the years in issue the principal portion of the special sewer assessments and that the petitioner must adjust the basis in his partnership interest by reason of the losses allowed him in 1965 and 1966. There was a trial in the case at which the parties were allowed to present evidence on the other issues. In this opinion, we are setting forth the facts and our holdings with respect to the issues presented by the motion for summary judgment and the issues which have been tried. The first *67 issue we must decide is whether the Commissioner is collaterally estopped from contending that certain special assessments may not be capitalized by the petitioner. The classic exposition of the doctrine of collateral estoppel in tax cases is found in the Supreme Court's opinion in Commissioner v. Sunnen,333 U.S. 591 (1948). In that case, the Supreme Court instructed that a prior decision can operate as an estoppel in a subsequent suit on a different cause of action involving the same parties or their privies, "'only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.'" 333 U.S. at 598. Thus, if an issue was merely assumed and not actually contested and decided in the prior suit, collateral estoppel may not be invoked on that issue in the subsequent suit. Pelham Hall Co. v. Hassett,147 F. 2d 63, 67 (1st Cir. 1945). Moreover, before collateral estoppel may be invoked, the controlling facts in the subsequent suit must be identical with, and not separable from, those in the prior suit. Commissioner v. Sunnen,supra at 601. In C. Frederick Frick,supra, involving the same petitioners as those herein, one issue was *68 whether the petitioner could capitalize special assessments on certain lots in Brookfield, Wis., which were paid by him during the years 1959 through 1964. The purposes for which those special assessments were levied were not identified in our prior opinion. We stated in that case: Respondent does not contend that the special assessments are not properly an item to be added to basis, but argues that petitioner cannot claim the special assessments as an adjustment to basis, because he deducted those amounts in prior years and the statute of limitations prevents the respondent from going back to the prior years to correct the errors. * * * [31 T.C.M. 286, 289, 41 P.-H. Memo. T.C. par. 72,071 at p. 304 (1972).] We held that such action did not prevent the petitioner from adding them to basis; we pointed out that the Commissioner could use the mitigation provisions set forth in sections 1311 through 1315, and thus the petitioner would not receive a double tax benefit. Here, however, we are concerned with special assessments which have been levied upon lots different from those which were before us in the prior Frick case. It is apparent, therefore, that the controlling facts in this *69 case are separable from those in the prior case. Assessments made upon lots in one part of a subdivision are not necessarily made for the same purposes as those made upon other lots in that subdivision. On some lots in a subdivision, special assessments may be made for maintenance charges, while on other lots in that subdivision, the assessments may be made for improvements which benefitted those lots. Cf. Consolidated Edison Co. of New York v. United States,279 F. 2d 152, 154 (2d Cir. 1960), affd. on other grounds 366 U.S. 380 (1961). Furthermore, the issue in this case, i.e., whether the special assessments are properly capitalizable, was never actually litigated in the prior case--it was merely assumed. There is no estoppel on issues which were not actually litigated in a prior case. Commissioner v. Sunnen,supra;Pelham Hall Co. v. Hassett,supra.Accordingly, we hold that collateral estoppel does not bar the Commissioner from raising this issue in this case. We now address the merits of the issue. Section 164 provides, in relevant part, as follows: (a) General Rule.--Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the *70 taxable year within which paid or accrued: (1) state and local, and foreign, real property taxes. * * *
(c) Deduction Denied in Case of Certain Taxes.-- No deduction shall be allowed for the following taxes: (1) taxes assessed against local benefits of a kind tending to increase the value of the property assessed; but this paragraph shall not prevent the deduction of so much of such taxes as is properly allocable to maintenance or interest charges. The petitioner claims that he is entitled to add to the basis of the Brookfield lots and the Knolls Terrace & Burleigh property he sold during the years before us the total amount of special assessments paid with respect to those lots. The Commissioner, on the other hand, contends that to the extent the special assessments are for weed control, or are attributable to the interest costs of the sewer improvements, those amounts may not be added to basis, since under section 164 they are currently deductible when paid. In addition, the Commissioner contends that the petitioner should not be allowed to add to his basis of such Brookfield lots any portion of the special sewer assessments he paid during the years 1959 through 1964, since he *71 failed to demonstrate what portion of them is attributable to interest or principal. Since the special assessments for weed control are for the maintenance of the property, those assessments are currently deductible and may not be added to the bases of the Brookfield lots. Similarly, the portions of the special sewer assessments allocable to interest charges are deductible and may not be added to the bases of the Brookfield lots and the Knolls Terrace & Burleigh property. [2] Secs. 164(a)(1), (c)(1), and 1016(a)(1)(A); sec. 1.1016-1(a), Income Tax Regs. However, the petitioner has demonstrated that he is entitled to an adjustment in the bases of the Brookfield lots, as a result of the special sewer assessments which he paid between the years 1959 and 1964, to the extent they are attributable to principal. Although the petitioner did not present an apportionment of those assessments between principal and interest, we can determine, in accordance with the rule of Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930), the amount reasonably allocable to principal. During the year 1967, the interest portion of the special sewer assessments on the petitioner's Brookfield lots was approximately *72 26 percent; and in 1968, that percentage was about 30 percent. Accordingly, we find and hold that 70 percent of the total amount of special sewer assessments paid by the petitioner with respect to each of the Brookfield lots during the years 1959 through 1964 is attributable to principal and may be added to the basis of each Brookfield lot sold during the years before us. [3] With respect to the special assessments paid by the petitioner during 1967 and 1968 on the Brookfield lots, there was no dispute as to the amounts of such assessments, nor their approtionment between principal and interest.The Commissioner, in his motion for partial summary judgment, asked us to rule as a matter of law that the petitioner may not deduct, during the years before *73 us, the principal portion of the special sewer assessments. Under section 164(c)(1), it is clear that such portion of the sewer assessments may not be currently deducted, and we so hold. Accordingly, we will grant the Commissioner's motion for partial summary judgment on this issue. In light of this holding, the Commissioner concedes, as he must, that the principal portion of such sewer assessments are proper adjustments to the bases of the properties on which they were levied. Next, we must decide whether the petitioner may increase his bases in lot 12 block 7 and lot 11 block 4 by reason of his claim to have paid brokerage commissions in connection with the sales of such lots. The petitioner testified that he cancelled a $500 loan owed to him by Mr. McMahon, and in return, Mr. McMahon waived two $500 commissions in connection with the sale of the two lots. However, the documentary evidence produced by the petitioner indicated that the waiver related to the sale of a single lot, which was identified by him as lot 11 block 4. Accordingly, since the repayment of a single loan of $500 was waived, we hold that the petitioner has established that he is entitled to an addition to *74 the basis of lot 11 block 4 of $500, but that he has failed to establish such a commission waiver with respect to lot 12 block 7. Rule 142(a), Tax Court Rules of Practice and Procedure.
The next issue we must decide is whether the petitioner's basis in his partnership must be reduced by his proportionate share of the partnership's losses for the years 1965 and 1966, which this Court held were deductible by him. Section 705(a)(2) provides in relevant part: (a) General Rule.--The adjusted basis of a partner's interest in a partnership shall, except as provided in subsection (b), be the basis of such interest determined under section 722 (relating to contributions to a partnership) or section 742 (relating to transfers of partnership interests)-- * * *
(2) decreased (but not below zero) by distributions by the partnership as provided in section 733 and by the sum of his distributive share for the taxable year and prior taxable years of-- (A) losses of the partnership * * * Thus, it is clear that the petitioner must reduce his basis in his partnership property by $2,096.44, the total amount of partnership losses which he was allowed to deduct for 1965 and 1966. The Commissioner's motion *75 for summary judgment on this issue will be granted. The next issue to be decided is whether the petitioner is entitled to deduct any portion of an alleged operating loss sustained by his partnership during 1967. He introduced no evidence at trial relating to the income and expenses of the partnership, and thus he has failed to establish that any loss was sustained by it. Accordingly, we hold that the petitioner has failed to carry his burden of proof on this issue. Rule 142(a), Tax Court Rules of Practice and Procedure.
The last issue to be decided is whether the petitioner must report the note he received in 1967 upon the sale of his partnership interest. He reported the full face value of the note on his 1967 Federal income tax return. However, during the trial of this case, he claimed that he should not have to report any part of the note in 1967 because it was worthless. He bears the burden of proof with respect to such claim.Rule 142(a), Tax Court Rules of Practice and Procedure; cf. Coast Coil Co.,50 T.C. 528, 531 (1968). To sustain his burden, he must prove that the fair market value of the note was less than its face value. Scharf's Estate v. Commissioner,316 F. 2d 625, 630 (7th Cir. 1963), *76 affg. 38 T.C. 15 (1962); Harry Leland Barnsley,31 T.C. 1260, 1262-1263 (1959); Estate of Eugene Merrick Webb,30 T.C. 1202, 1213 (1958). The petitioner has presented very little information with regard to the value of the note or the financial condition of the maker in 1967. The petitioner testified that the maker lived well, and nothing suggests that the maker was insolvent or unable to meet his obligations. Moreover, the partnership property produced rental income, which could be used to make payments on the note. Given the petitioner's treatment of the note when he filed his return for 1967, and the meager facts of record, we hold the petitioner has failed to carry his burden of proving that the note was not, in 1967, worth its face value. George L. Castner Co.,30 T.C. 1061, 1072-1073 (1958). The petitioner testified that he never collected anything on the note, and that he obtained a judgment against the maker in 1971, on which he has never collected anything. While such facts may tend to show that the note became worthless sometime subsequent to 1967, they do not establish that the note was worth less than its face value in 1967. We do not have before us any claim for *77 the deduction of the note as a bad debt in a year subsequent to 1967, and we do not pass on when, if ever, the note became worthless. An appropriate order will be issued granting the Commissioner's motion for partial summary judgment, and decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. Nothing of record suggests that the petitioner did not deduct such assessments when paid. In addition, we note that the petitioner makes no claim that he elected to capitalize such assessments under sec. 266. ↩
3. There is no issue with respect to special assessments paid by the petitioner in 1965 and 1966 for the Brookfield lots because the Commissioner, in his notice of deficiency, has allowed them to be added to the bases of such lots.↩